PEARSON v. NORTHERN RAILROAD & a.

Ordinarily the question whether a supplemental answer in chancery shall be rejected on motion of the plaintiff, being one of convenient procedure, is to be determined at the trial term; but the whole court, in a plain case, may revise the decision there made.

This is the same case decided at the June term, 1883, reported in 62 N. H. In the original bill, it was alleged, among other things, that the directors of the Concord Railroad, one of the defendants, of whom some were directors also of the Northern and Concord & Claremont railroads, other defendants, had, collusively, agreed to allow and pay certain fraudulent claims of those corporations against the Concord Railroad; and the plaintiff, prosecuting the bill for himself and the stockholders of the latter corporation, sought an injunction against the allowance and payment of the claims. Since the decision and disposition of the case, the Northern and Concord & Claremont railroads have filed supplemental answers, and seek a decree against the Concord Railroad for the adjustment and payment of those claims. At the trial term the plaintiff moved to reject the answers because they were not within any equitable rule of chancery practice, and were made after the

final disposition of the case.   The motion was denied, and the plaintiff excepted.

*Bingham & Mitchell,* for the plaintiff.

*W. L. Foster,* for the Northern and Concord & Claremont railroads.

ALLEN, J.   The question is one of convenient procedure, and the trial of the issues on the supplemental answers in the case would be so inconvenient that the answers ought to be rejected.   *Clough v. Fellows, ante* 134.   Ordinarily the question of convenience is to be determined at the trial term.   But in this case, as in *Clough v. Fellows,* the inconvenience is so plain, the motion to reject the answers should have been granted.

*Exceptions sustained.*

SMITH, BLODGETT, CARPENTER, and BINGHAM, JJ., did not sit: the others concurred.